# EXHIBIT D

**Index to Exhibit D to LexisNexis Risk Data Management, LLC and RELX Inc.'s Notice of Removal**


| Pages | NJ Superior Court Document |
| --- | --- |
| 2-33 | Plaintiffs' Motion to Consolidate |
| 34-57 | Defendants' Opposition to Motion to Consolidate |
| 58-59 | Order on Consolidation Motion |
| 60-67 | Protective Order by Consent |

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ENFORMION, LLC, ENFORMION HOLDCO INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000767-24<br><br>**CIVIL ACTION**<br><br>**NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MYLIFE.COM, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000768-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000769-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| SOCIAL CATFISH, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COSTAR GROUP, INC., COSTAR REALTY INFORMATION, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000770-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SCALABLE COMMERCE, LLC, NATIONAL DATA ANALYTICS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000771-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000772-24<br><br>**CIVIL ACTION** |

INTELAGE SYSTEMS CORP., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,

Defendants.

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CORELOGIC, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000773-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BOUNDARY SOLUTIONS, INCORPORATED, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000793-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SWORDFISH AI INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000794-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>TRANSUNION, LLC, NEUSTAR, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000810-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREENFLIGHT VENTURE CORP., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000811-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>LABELS & LISTS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000812-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>ONXMAPS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000813-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LUSHA SYSTEMS INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000814-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNMASK LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000815-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>MAPRIGHT INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000818-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br>v.<br><br>PRECISELY HOLDINGS LLC, PRECISELY SOFTWARE INC., PRECISELY SOFTWARE LTD., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000819-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br>v.<br><br>DELUXE CORPORATION, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000821-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV<br><br>Plaintiffs,<br><br>v.<br><br>SYNC.ME TECHNOLOGIES, LTD., SYNC.ME LTD, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000822-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, and PETER ANDREYEV,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICIALUSA.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000849-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br>v.<br><br>E-MERGES.COM INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000854-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br>v.<br><br>MAIN STREET RESPONSE LLC, DBA ID TRUE, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000855-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>YARDI SYSTEMS, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000856-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SEARCH ASSOCIATION CORP, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000866-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ATDATA, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000867-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CLARITAS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000868-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAGEWIRE RESEARCH, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000869-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOHUNT, LLC, GOHUNT MANAGEMENT HOLDINGS, LLC, GOHUNT MANAGEMENT HOLDINGS II, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000870-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RE/MAX, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000871-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INFOMATICS LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000872-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ROCKETREACH LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000873-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ZILLOW, INC., ZILLOW GROUP, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000874-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>LEXISNEXIS RISK DATA MANAGEMENT, LLC, RELX, INC.,<br>RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000875-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>QUANTARIUM ALLIANCE, LLC, QUANTARIUM GROUP, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000878-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ORACLE INTERNATIONAL CORPORATION, ORACLE AMERICA, INC., ORACLE CORP., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000917-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMSIVE, LLC, AMSIVE AQ LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000918-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EQUIFAX INC., KOUNT INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000919-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br>v.<br><br>CHOREOGRAPH LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000920-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE ALESCO GROUP, L.L.C., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000969-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>USPHONESEARCH.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000970-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDVISORS NETWORK, INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000971-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INNOVATIVE WEB SOLUTIONS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-001038-24<br><br>**CIVIL ACTION** |

TO: All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Bergen County, 10 Main Street, Hackensack, New Jersey 07601 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br>v.<br><br>ENFORMION, LLC, ENFORMION HOLDCO INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000767-24<br><br>**CIVIL ACTION** |

---

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE

---

**GENOVA BURNS LLC**
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
Facsimile: (973) 533-1112
*Attorneys for Plaintiffs*

***Of Counsel and On the Brief***
Rajiv D. Parikh, Esq.
Kathleen Barnett Einhorn, Esq.
John J. Boulton, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................... ii

PRELIMINARY STATEMENT ..................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ..................... 2

LEGAL ARGUMENT ..................... 3

I. STANDARD FOR CONSOLIDATION PURSUANT TO R. 4:38-1(A). ..................... 3

CONCLUSION ..................... 6

# TABLE OF AUTHORITIES

## CASES

Executors of Conover v Conover, et. al.,
1 N.J. Eq. 403 (Ch. 1831) ........ 3

Holmes v. Russ,
113 N.J. Super. 445 (Law. Div. 1971) ........ 4

Judson v. Peoples Bank & Trust Co. of Westfield,
17 N.J. Super. 143 (Ch. Div. 1951) ........ 3, 4

Masin v. National Box & Lumber Co., Inc.,
17 N.J. Super. 380 (Ch. 1952) ........ 4

Morrison v. National Vehicle Imports, LLC,
2005 WL 1399729 (N.J. Super. Law Div. 2005) ........ 4

Mutual Securities Corp., v. G.T. Harris Group,
100 N.J. Eq. 365 (Ch. 1926) ........ 4

Schafer v. Strelecki,
107 N.J. Super. 7 (App. Div. 1969) ........ 4

Union City Improvement Auth. v. Artaki, LLC,
329 N.J. Super. 141 (App. Div. 2007) ........ 4

## STATUTES

N.J.S.A 56:8-166.1 ........ 5

N.J.S.A. 47:1A-1 ........ 5

N.J.S.A. 56:8-166.1 ........ 1

## RULES

R. 4:102-3 ........ 2

R. 4:38-1 ........ i, 3, 5

R. 4:38-1(a) ........ 3

## PRELIMINARY STATEMENT

Plaintiffs seek the entry of an Order consolidating forty-two (42) actions for discovery and case management purposes filed to enforce the rights of approximately 20,000 law enforcement officers under Daniel's Law, N.J.S.A. 56:8-166.1 which are currently pending in the Law Division in this County. Each of these actions brought by Plaintiffs involve a common nucleus of law and a significant overlap of operative facts. Each action alleges that the Defendants violated Daniel's Law by failing to timely cease disclosure of home address and/or unpublished home telephone number thereunder. Further, each of these actions seeks to protect the Plaintiffs' (or their assignees') rights under Daniel's Law, against companies brokering data and choosing profit and personal gain over a critical public interest and the unequivocal mandate of the law.

A cursory review of each of the filed complaints will demonstrate: (i) that there are common issues of fact regarding the various Plaintiffs and the method, timing and evidence related to their assertion of their or their assignees' rights under Daniel's Law, and Defendants' failure to comply with Daniel's Law's statutory mandates; (ii) the same cause of action seeking enforcement of the law is alleged against the defendants in each action; (iii) the claims and defenses associated with these actions will all necessarily rely on the same and/or similar discovery; and (iv) discovery of the claims and defenses associated with these actions will be better served by joint case management by the court. As such, these actions are ripe for consolidation for discovery and case management purposes.

Additionally, the pending actions will involve the adjudication of overlapping legal issues related to Daniel's Law. To avoid the needless and duplication of effort by the court and the parties and to avoid the risk of inconsistent legal determinations or judgments, we respectfully submit that

the Court should consolidate these matters before one Judge for case management.[1] Consolidation in this manner will ease the time, expense, efficiency and judicial resources associated with managing cases with similar issues in different tribunals. As such, and as set forth below, Plaintiffs' application to consolidate these forty-two (42) actions should be granted.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

In early February 2024, Atlas Data Privacy Corporation ("Atlas") as the assignee of more than 20,000 individuals who are Covered Persons under Daniel's Law and other Individual Plaintiffs (who may vary from case to case) filed forty-two (42) complaints in Bergen County, against over 100 defendant entities that violated Daniel's Law. Those defendants have disclosed or re-disclosed on the Internet or otherwise made available the home addresses and/or unpublished home telephone numbers of covered persons such as judges, prosecutors and law enforcement officers as defined under the law. In each and every complaint, Plaintiffs seek to compel compliance with the law to ensure protection of these covered persons, and to seek all other available injunctive relief and damages. The complaints filed in Bergen County are identified in the certification of Rajiv D. Parikh. See Certification of Rajiv D. Parikh ("Parikh Cert.") at ¶4.

Each of the complaints allege that starting in or about December 2023, each of the Individual Plaintiffs and all of the Covered Persons (who thereafter assigned claims to Atlas) sent each of the Defendants written nondisclosure requests (via email) in accordance with Daniel's Law. The complaints allege that Defendants failed to cease the disclosure or re-disclosure of this information within ten business days as required by Daniel's Law. The complaints allege that as of the date of the filing of the complaints, Defendants still refused to comply with Daniel's Law.

---

[1] Although these actions are not filed in the Complex Business Litigation Program ("CPLB") since the claims are based on a straightforward statutory violation, R. 4:102-3's methodology for case management is instructive and could serve as a positive model here.

Importantly, the complaints allege that protected information of the Individual Plaintiffs and those Covered Persons who assigned their claims to Atlas remains available from Defendants. The Individual Plaintiffs and Atlas asserted claims against all Defendants in these actions based on their violation of Daniel's Law and continuing refusal to comply with that law.

Thus, while the methodology of each Defendants' disclosure may be nuanced, the overall claims and defenses associated with each these actions will all necessarily rely on overlapping discovery. For instance, documents concerning the covered persons transmittal of their Daniel's Law requests, Atlas's assignments, documents concerning Defendants' response to any Daniel's Law Requests, and documents concerning the disclosure of any home address and/or unpublished home telephone numbers will be requested by all parties. Therefore, discovery associated with each of these actions will require the same case management by the Court. Thus, these actions should be consolidated for discovery and case management purposes.

## LEGAL ARGUMENT

### I. STANDARD FOR CONSOLIDATION PURSUANT TO R. 4:38-1(A).

Rule 4:38-1(a) governs consolidation and provides in pertinent part that: "[w]hen actions involving a common question of law and fact arising out of the same transaction or series of transactions are pending in the Superior Court, the court on a party's or its own motion may order the actions consolidated." R. 4:38-1(a); see also Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. Super. 143, 145 (Ch. Div. 1951) ("[s]o long as questions of law and fact are common to both causes, consolidation is proper.").

The consolidation of cases has always been favored in the New Jersey court system. See Executors of Conover v Conover, et. al., 1 N.J. Eq. 403, 412 (Ch. 1831). The power to consolidate actions pending in the same court is inherent within judicial authority. Mutual Securities Corp., v.

G.T. Harris Group, 100 N.J. Eq. 365 (Ch. 1926). "The decision to consolidate actions lies within the discretion of the trial court." Union City Improvement Auth. v. Artaki, LLC, 329 N.J. Super. 141, 149 (App. Div. 2007). New Jersey's rule permitting consolidation reflects this state's policy of judicial efficiency and "disposing of entire controversies, including all parties and issues, at one trial." Schafer v. Strelecki, 107 N.J. Super. 7, 12 (App. Div. 1969); see also Holmes v. Russ, 113 N.J. Super. 445, 449 (Law. Div. 1971) ("[a] review of the history, operation and instruction of R. 4:38 ('Consolidation: Separate trials') reveals that the object of the rule is to foster the grand design to litigate entire controversies as a unit.").

Consolidation helps the parties and the Court avoid "multiplicity of litigation, duplication of judicial labor, inconsistent judgments, delay and expense." Holmes, 113 N.J. Super. at 449-50; see also Judson, 17 N.J. Super. at 144 (consolidation avoids having parties "undergo the inconvenience of double litigation"). Moreover, the consolidation of cases tends to advance trial calendar policies and to avoid reiterated attention by multiple judges to the same controversy. Masin v. National Box & Lumber Co., Inc., 17 N.J. Super. 380, 389 (Ch. 1952). Furthermore, consolidation, by revealing the essential quality and dimension of the controversy, allows assignment of a trial judge according to the needs of the case. Schnitzer and Wildstein, N.J. Rules Service, AIV-1499 (1954-67 ed.). The purpose of consolidating similar actions is to further the interests of judicial expediency and economy. Morrison v. National Vehicle Imports, LLC, 2005 WL 1399729 (N.J. Super. Law Div. 2005).

Here, application of these principles demonstrates that consolidation of all of the listed actions for discovery and case management purposes is appropriate as all matters involve a common nucleus of facts underlying an identical legal claim -- that Defendants violated Daniel's Law by timely failing to cease disclosure of the Individual Plaintiffs and Covered Persons home

addresses and/or unpublished home telephone numbers. In addition to the common nucleus of facts, all of these litigations involve a common question of law and the Court's interpretation of the Daniel's Law statute, P.L. 2020, c. 125 *codified in* N.J.S.A. 47:1A-1, et seq. and N.J.S.A 56:8-166.1) and related judicial determinations. Therefore, these actions should be consolidated and assigned to one Judge for case management and pre-trial motion practice.

Further, if the forty-two (42) actions are permitted to proceed along separate discovery and case management paths, Plaintiffs will be prejudiced throughout the discovery process and exposed to the possibility of conflicting decisions from different judges regarding the interpretation of the Daniel's Law statute if the court denies this motion for consolidation. In addition, R. 4:38-1 requires consolidation to avoid piecemeal litigation of interrelated issues, parties, and claims. Requiring duplication of discovery efforts in forty-two (42) separate litigations undoubtedly will result in the waste of judicial resources, duplication of efforts, and a cost burden upon the parties.

Moreover, no party to any of the forty-two (42) actions filed by Plaintiffs will suffer any prejudice by the consolidation of these actions as all Defendants have not yet even filed answers to the complaints or otherwise responded to the instant actions. Moreover, there have been no depositions in any of these matters and no Defendants have responded to Plaintiffs' initial discovery demands that were served with the complaints.

For all of these reasons, this Court should enter an order consolidating each of the forty-two (42) cases into one for the purpose of case management under the supervision of one Superior Court Judge.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court grant Plaintiff's motion to consolidate in its entirety.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461410v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ENFORMION, LLC, ENFORMION HOLDCO INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000767-24<br><br>**CIVIL ACTION**<br><br>**CERTIFICATION OF RAJIV D. PARIKH, ESQ.** |

I, RAJIV D. PARIKH, of full age, hereby certify as follows:

1. I am an attorney at law of the State of New Jersey and associated with the law firm of Genova Burns LLC ("Genova Burns"), attorneys for the Plaintiffs in the matters referenced herein.

2. I have personal knowledge of the facts set forth herein and submit this certification in support of Plaintiffs' Motion to Consolidate.

3. Between February 6, 2024 and February 16, 2024, Plaintiffs Atlas Data Privacy Corporation ("Atlas") as the assignee of individuals who are Covered Persons under Daniel's Law along with Jane Doe Plaintiffs and named Individual Plaintiffs, filed forty-two (42) complaints in Bergen County against over 100 defendants alleging violations of Daniel's Law.

4. The complaints filed in Bergen County are as follows:

(1) Atlas Data Privacy Corporation, et al. v. Enformion, LLC, et al.; BER-L-767-24;

(2) Atlas Data Privacy Corporation, et al. v. Mylife.com, Inc., et al.; BER-L-768-24;

(3) Atlas Data Privacy Corporation, et al. v. Social Catfish, LLC, et al.; BER-L-769-24;

(4) Atlas Data Privacy Corporation, et al. v. Costar Group, Inc., et al.; BER-L-770-24;

(5) Atlas Data Privacy Corporation, et al. v. Scalable Commerce, LLC, et al.; BER-L-771-24;

(6) Atlas Data Privacy Corporation, et al. v. Intelage Systems, Corp., et al.; BER-L-772-24;

(7) Atlas Data Privacy Corporation, et al. v. Corelogic, Inc., et al.; BER-L-773-24;

(8) Atlas Data Privacy Corporation, et al. v. Boundary Solutions, Inc., et al.; BER-L-793-24;

(9) Atlas Data Privacy Corporation, et al. v. Swordfish AI, Inc., et al.; BER-L-794-24;

(10) Atlas Data Privacy Corporation, et al. v. Transunion, LLC, et al.; BER-L-810-24.

(11) Atlas Data Privacy Corporation, et al. v. Greenflight Venture Corp., et al.; BER-L-811-24;

(12) Atlas Data Privacy Corporation, et al. v. Labels & Lists, Inc., et al.; BER-L-812-24;

(13) Atlas Data Privacy Corporation, et al. v. Onxmaps, Inc., et al.; BER-L-813-24;

(14) Atlas Data Privacy Corporation, et al. v. Lusha Systems, Inc., et al.; BER-L-814-24;

(15) Atlas Data Privacy Corporation, et al. v. Unmask LLC, et al.; BER-L-815-24;

(16) Atlas Data Privacy Corporation, et al. v. Mapright Inc., et al.; BER-L-818-24;

(17) Atlas Data Privacy Corporation, et al. v. Precisely Holdings LLC, et al.; BER-L-819-24;

(18) Atlas Data Privacy Corporation, et al. v. Deluxe Corporation, et al.; BER-L-821-24;

(19) Atlas Data Privacy Corporation, et al. v. Sync.me Technologies, LTD., et al.; BER-L-822-24;

(20) Atlas Data Privacy Corporation, et al. v. Officialusa.com, et al.; BER-L-849-24;

(21) Atlas Data Privacy Corporation, et al. v. E-Merges.com Inc., et al.; BER-L-854-24;

(22) Atlas Data Privacy Corporation, et al. v. Main Street Response LLC, et al.; BER-L-855-24;

(23) Atlas Data Privacy Corporation, et al. v. Yardi Systems, Inc., et al.; BER-L-856-24;

(24) Atlas Data Privacy Corporation, et al. v. National Search Association Corp., et al.; BER-L-866-24;

(25) Atlas Data Privacy Corporation, et al. v. Atdata, LLC, et al. BER-L-867-24;

(26) Atlas Data Privacy Corporation, et al. v. Claritas, LLC, et al.; BER-L-868-24;

(27) Atlas Data Privacy Corporation, et al. v. Sagewire Research LLC, et al.; BER-L-869-24;

(28) Atlas Data Privacy Corporation, et al. v. Gohunt LLC, et al.; BER-L-870-24;

(29) Atlas Data Privacy Corporation, et al. v. Re/Max, LLC, et al.; BER-L-871-24;

(30) Atlas Data Privacy Corporation, et al. v. Infomatics LLC, et al.; BER-L-872-24;

(31) Atlas Data Privacy Corporation, et al. v. Rocketreach LLC, et al.; BER-L-873-24;

(32) Atlas Data Privacy Corporation, et al. v. Zillow, Inc., et al.; BER-L-874-24;

(33) Atlas Data Privacy Corporation, et al. v. Lexisnexis Risk Data Management, LLC, et al.; BER-L-875-24;

(34) Atlas Data Privacy Corporation, et al. v. Quantarium Alliance, LLC, et al.; BER-L-878-24;

(35) Atlas Data Privacy Corporation, et al. v. Oracle International Corporation, et al. BER-L-917-24;

(36) Atlas Data Privacy Corporation, et al. v. Amsive, LLC, et al.; BER-L-918-24;

(37) Atlas Data Privacy Corporation, et al. v. Equifax Inc., et al.; BER-L-919-24;

(38) Atlas Data Privacy Corporation, et al. v. Choreograph LLC, et al.; BER-L-920-24;

(39) Atlas Data Privacy Corporation, et al. v. The Alesco Group, L.L.C., et al.; BER-L-969-24;

(40) Atlas Data Privacy Corporation, et al. v. Usphonesearch.com, et al.; BER-L-970-24;

(41) Atlas Data Privacy Corporation, et al. v. Edvisors Network, Inc., et al.; BER-L-971-24.

(42) Atlas Data Privacy Corporation, et al. v. Innovative Web Solutions, LLC, et al.; BER-L-1038-24.

I certify that the above statements are true to the best of my knowledge and ability. I understand that if the above statements are willfully false, I am subject to punishment.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024
17461408v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ENFORMION, LLC, ENFORMION HOLDCO INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000767-24<br><br>**CIVIL ACTION**<br><br>**PROPOSED ORDER** |

**THIS MATTER** having been open to the Court by Genova Burns LLC, attorneys for Plaintiffs, in the above captioned matter for an Order consolidating all Daniel's Law actions filed by Plaintiffs in the Superior Court of Bergen County for discovery and case management purposes; and the Court having considered the moving papers, papers filed and any response, as well as any argument of counsel, and; for good cause having been shown;

**IT IS** on this ____ day of ____________, 2024:

**ORDERED** that Plaintiffs' Motion to Consolidate is hereby **GRANTED**; and it is further

**ORDERED** that the Daniel's Law actions filed by Plaintiffs in Bergen County are consolidated under Docket No.: BER-L-000767-24 for discovery and case management purposes only; and it is further

**ORDERED** that a copy of this order shall be served upon all Defendants and counsel of record within ____ (__) days of its receipt of counsel for Plaintiffs.

This motion was:

[ ] Opposed

[ ] Unopposed

______________________________
J.S.C.

Lowenstein Sandler

**A. Matthew Boxer**
Partner

One Lowenstein Drive
Roseland, New Jersey 07068

**T**: (973) 422-6454
**F**: (973) 422-6455
**E**: mboxer@lowenstein.com

April 1, 2024

**VIA ECOURTS**

Hon. John D. O'Dwyer, P.J.S.C.
Superior Court of New Jersey
Bergen County, Law Division
10 Main Street, Room 357
Hackensack, NJ 07601

**Re:** ***Atlas Data Privacy Corporation et al. v. LexisNexis Risk Data Management, LLC, RELX, Inc., et al.*****, Docket No. BER-L-875-24**

Dear Judge O'Dwyer:

This firm represents LexisNexis Risk Data Management, LLC and RELX, Inc. ("Defendants") in the above-referenced matter. With this letter, we are enclosing our opposition to the Motion to Consolidate ("Motion") filed in *Atlas Data Privacy Corporation et al. v. Enformion, LLC*, Docket No. BER-L-000767-24, also pending before Your Honor.

The Motion seeks to consolidate 42 cases pending in Bergen County, including this one, but the Motion was not filed on the docket in this case, and the case in which it was filed, *Enformion*, has since been removed to federal court. Defendants thus do not believe the Motion is properly before the Court in this matter; however, we are filing this opposition in an abundance of caution, in the event the Court is inclined to consider the Motion at this time.

As the Motion is not pending in this case (even though it purports to apply to this case), we were unable to file it as an "Opposition" by linking it to the Motion and are thus attaching it to this letter.

Respectfully submitted,

*/s/ A. Matthew Boxer*

A. Matthew Boxer

cc: All Counsel of Record

**LOWENSTEIN SANDLER LLP**
A. Matthew Boxer (025331995)
Gavin J. Rooney (027781992)
Rasmeet K. Chahil (239262017)
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500

*Attorneys for Defendants LexisNexis Risk Data Management, LLC and RELX, Inc.*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>LEXISNEXIS RISK DATA MANAGEMENT, LLC, RELX, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO. BER-L-000875-24<br><br>CIVIL ACTION |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**

Defendants LexisNexis Risk Data Management, LLC and RELX, Inc. ("Defendants") respectfully submit this brief in opposition ("Opposition") to Plaintiffs' motion ("Motion") to consolidate forty-two (42) actions filed in Bergen County for discovery and case management purposes pursuant to <u>Rule</u> 4:38-1(a).

## PRELIMINARY STATEMENT

It is unclear to Defendants whether this Motion is actually pending in this case, or if Defendants are required to respond to the Motion at this time. While the Motion has been filed under Docket No. BER-L-767-24, it was not filed in any of the other 41 dockets at issue and, specifically, it was not filed in the case pending against these Defendants, which is Docket No. BER-L-875-24. Counsel for Plaintiffs emailed undersigned counsel a courtesy copy of the motion, but under the Court rules such an email does not constitute proper filing and service.

After Plaintiffs filed this Motion, many of the cases the Motion purported to cover were removed to federal court. Thus, it is not clear to us what cases are or will remain in this Court, which makes it impossible to apply the relevant legal standards. The Motion is simply premature. Defendants request an opportunity to supplement this Opposition once the Motion becomes ripe. In addition, the one case where the Motion was arguably properly filed has been removed, thereby divesting the Court of jurisdiction to make rulings in that matter or on the Motion.

Were the Court nevertheless to entertain the Motion at this time, there is not a sufficient basis for consolidation. The only commonality among these cases is that the plaintiff is the same in each. The defendant in each case is different and the facts and issues in each case are entirely divergent, including whether Daniel's Law applies to a particular defendant, when the Daniel's Law redaction request was sent, who it was sent to, was the delivery proper, what was the timeframe of the response, what was the response, and was that response sufficient.

The defenses in each case will be markedly different. For example, in the case against these Defendants, one defense will be that Plaintiffs have not named the proper parties in this Complaint. Even if that issue can be rectified, a significant issue in this particular case will be

that the possible responses to the Daniel's Law notice were limited by governing federal law in the form of the Fair Credit Reporting Act. That is, because this case implicates "consumer reporting agencies" subject to that Act, the issues that will predominate in the current case are ones of federal law. The matters subject to discovery in this case will therefore be unlike those in the other cases at issue.

Because consolidation would result in inefficiency and confusion, we respectfully request that Plaintiffs' motion be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

New Jersey's Daniel's Law ensures that judges and police officers can prevent public disclosure of their home address and unpublished telephone numbers on the internet. In an effort to profit from the legislative desire to respect the privacy of our public servants and protect them from harassment and abuse, Plaintiffs developed a scheme to manufacture claims under Daniel's Law purportedly worth billions of dollars against web-based companies in the absence of any actual harm.

To do so, Plaintiff Atlas Data Privacy Corp. ("Atlas") solicited purported claim "assignments" from unsuspecting police officers and others, apparently without providing them anything close to full disclosure regarding what they were assigning.

Atlas then strategically dumped on more than a hundred companies a mass of Daniel's Law opt-out requests over the holidays, containing thousands of duplicates and failing to deliver the data in an organized, segmented fashion. Atlas did so in a manner designed to maximize the difficulty of compliance – and thereby enhance the chances that Atlas could claim entitlement to statutory penalties pursuant to its so-called assignments. Plaintiffs then filed complaints against

more than a hundred companies for failure to comply with the Daniel's Law requests that Plaintiffs had designed to be impossible to adhere to.

On February 8, 2024, Plaintiffs filed their Complaint against Defendants. In a pleading that is short on specifics and relying almost entirely on allegations made "upon information and belief," Plaintiffs have not alleged that these Defendants failed to secure the personal information of even a single, specific covered person under the Daniel's Law statute.

On March 13, 2024, counsel for Defendants received via email from Plaintiffs' counsel a courtesy copy of a series of motions to consolidate the filed cases for discovery and case management purposes. No motion was lodged on this case docket and service was not attempted by any means other than the March 13 email. Curiously, Plaintiffs' motions seek consolidation of their filed complaints into five cases in total, organized by county. Counsel for Defendants subsequently corresponded with Plaintiffs' counsel, who agreed to extend any deadline to file opposition to April 1, 2024, which Plaintiffs' counsel memorialized in a letter.

Counsel for Defendants thereafter learned that many of the cases purportedly covered by the Motion had been removed to federal court. It is unclear at this time if a motion to remand those cases will be filed and what the result of any such motion would be.

## LEGAL ARGUMENT

Under Rule 4:38-1(a), cases may be consolidated only when they involve "a common question of law or fact arising out of the same transaction or series of transactions." Consolidation is appropriate where "the same documents, the same records, the same accountants and the same expert testimony must necessarily be used to substantiate both causes of action." Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. Super. 143, 145 (Ch. Div. 1951). Consolidation is often found warranted when there are multiple cases filed against the

same defendant arising out of the same event, such as in the case of a motor vehicle accident. See Bryan Encaranacion & Yumilsanoesi v. Calderon, No. BER-L-7037-20, 2021 N.J. Super. Unpub. LEXIS 3366, at *5, *7 (Law Div. June 25, 2021);[1] Ibarra v. Singh, No. MRS-L-1467-22, 2023 N.J. Super. Unpub. LEXIS 2558, at *5, *8–9 (Law Div. April 4, 2023).[2]

## I. THIS CASE IS NOT SUBJECT TO PLAINTIFFS' CONSOLIDATION MOTION BECAUSE THE MOTION HAS NOT BEEN FILED ON THE DOCKET IN THIS CASE AND THERE WAS NOT PROPER SERVICE.

Under Rule 1:5-2, service of a motion on an attorney "shall be made by mailing a copy to the attorney at his or her office by ordinary mail, by handing it to the attorney, or by leaving it at the office with a person in the attorney's employ." The Supreme Court has relaxed this rule to a limited extent by permitting service via "electronic filing using an approved electronic filing system," namely, eCourts. Hon. Glenn A. Grant, Notice to the Bar (July 10, 2014), https://www.gannlaw.com/onlineapp/researchtools/main/links/LINK/June%203,%202014.pdf.

The same rules of service apply for consolidation motions. Moreover, when cases from different counties are sought to be consolidated, the motion has to be filed in "the county in which the venue is laid in the action first instituted." R. 4:38-1(a). But the Rules do not provide that a motion seeking to consolidate cases within the same county should be filed only on the docket in one case.

As described above, this Motion has not been lodged on the docket for this case, and it was not filed on eCourts in this case. Instead, it was emailed to counsel for Defendants, which

---

1 A true and correct copy of Bryan Encaranacion & Yumilsanoesi v. Calderon, No. BER-L-7037-20, 2021 N.J. Super. Unpub. LEXIS 3366 (Law Div. June 25, 2021) is attached as Exhibit A to the Declaration of A. Matthew Boxer.

2 A true and correct copy of Ibarra v. Singh, No. MRS-L-1467-22, 2023 N.J. Super. Unpub. LEXIS 2558 (Law Div. April 4, 2023) is attached as Exhibit B to the Declaration of A. Matthew Boxer.

does not constitute service. As a result, and in the absence of any eCourts notification, Plaintiffs have not made proper service upon Defendants or their counsel under Rule 1:5-2.

Plaintiffs cannot seek to obtain relief against these Defendants unless and until, at a minimum, these issues have been rectified.

## II. THE MOTION IS PREMATURE AS IT IS NOT YET KNOWN WHAT CASES ARE PROPOSED TO BE CONSOLIDATED.

As of the date of this Opposition, 16 of the 43 cases the Motion purports to cover have been removed to federal court.[3] In fact, one of the cases that has been removed is the case in this vicinage in which the consolidation motion was filed. See Amended Notice of Filing of Notice of Removal, Atlas Data Priv. Corp. et al. v. Enformion, LLC et al., No. BER-L-767-24 (Law Div. Mar. 25, 2024). With that case apparently no longer pending in this Court, it is hard to see how a motion filed thereunder can be adjudicated, as jurisdiction in that case is now in the federal court.

Plaintiffs have not sought to clarify, refile, or amend their Motion in the wake of these removals. In other pending cases, the deadline for removal may not have yet arrived, and so as of the writing of this Opposition it is unclear to Defendants exactly what and how many cases are proposed to be consolidated via this Motion. In the days leading up to the filing of this

---

[3] See Atlas Data Priv. Corp., et al. v. Quantarium All. LLC, et al., No. BER-L-878-24 (Law Div. Mar. 22, 2024); Atlas Data Priv. Corp., et al. v. Oracle Int'l Corp., et al., No. BER-L-917-24 (Law Div. Mar. 22, 2024); Atlas Data Priv. Corp., et al. v. Infomatics LLC, et al., No. BER-L-872-24 (Law Div. Mar. 20, 2024); Atlas Data Priv. Corp., et al. v. Zillow Inc., et al., No. BER-L-874-24 (Law Div. Mar. 27, 2024); Atlas Data Priv. Corp., et al. v. Re/Max LLC, et al., No. BER-L-871-24 (Law Div. Mar. 22, 2024); Atlas Data Priv. Corp., et al. v. Labels & Lists Inc., et al., No. BER-L-812-24 (Law Div. Mar. 25, 2024); Atlas Data Priv. Corp., et al. v. Deluxe Corp., et al., No. BER-L-821-24 (Law Div. Mar. 21, 2024); Atlas Data Priv. Corp., et al. v. Yardi Sys. Inc., et al., No. BER-L-856-24 (Law Div. Mar. 22, 2024); Atlas Data Priv. Corp., et al. v. Scalable Com. LLC, et al., No. BER-L-771-24 (Law Div. Mar. 25, 2024); Atlas Data Priv. Corp., et al. v. Corelogic Inc., et al., No. BER-L-773-24 (Law Div. Mar. 26, 2024); Atlas Data Priv. Corp., et al. v. Enformion LLC, et al., No. BER-L-767-24 (Law Div. Mar. 22, 2024); Atlas Data Priv. Corp., et al. v. Costar Grp. Inc., et al., No. BER-L-770-24 (Law Div. Mar. 22, 2024); Atlas Data Priv. Corp., et al. v. Choreograph LLC, et al., No. BER-L-920-24 (Law Div. Mar. 27, 2024); Atlas Data Priv. Corp., et al. v. Equifax Inc., et al., No. BER-L-919-24 (Law Div. Mar. 27, 2024); Atlas Data Priv. Corp., et al. v. Transunion LLC, et al., No. BER-L-810-24 (Law Div. Mar. 27, 2024); Atlas Data Priv. Corp., et al. v. Gohunt LLC, et al., No. BER-L-870-24 (Law Div. Mar. 29, 2024).

Opposition, additional cases have continued to be removed. As a result, Plaintiffs' Motion, if considered at this time, puts Defendants in the position of having to argue the merits of consolidation when it is not known or able to be known what cases this case would be consolidated with (if any). It would be unfair to force Defendants to do so. As a result, this Motion is not currently ripe for briefing or resolution. See Browne v. Moshe Englewood LLC, No. BER-L-2177-20, 2020 N.J. Super. Unpub. LEXIS 3679, at *8–9 (Law Div. June 12, 2020) (denying plaintiff's motion to consolidate where matter was not ripe for consolidation).[4]

## III. CONSOLIDATION IS NOT APPROPRIATE IN VIEW OF THE AVAILABLE FACTS AND CIRCUMSTANCES AT ISSUE.

Cases are typically consolidated when multiple plaintiffs sue the same defendant on the same basic claim arising from the same product or other event. Nothing of the kind exists here. The only commonality among the known cases sought to be consolidated is that the plaintiff is the same in each. The defendant in each case is different and, accordingly, the issues regarding each defendant's compliance with Daniel's Law are entirely divergent, including whether Daniel's Law even applies to a particular defendant, when the Daniel's Law redaction request was sent, who it was sent to, was the delivery proper, what was the timeframe of the response, how and to what extent the defendant complied with Daniel's Law, and was that response sufficient. See N.J.S.A. 56:8-166.1.

The defendants in these cases range from software companies to real estate agencies to financial consultants. As a result of these differences, the issues and defenses in each case will be different. For example, in the case against these Defendants, one defense will be that Plaintiffs have not named the proper parties in their Complaint. Even if that issue can be

[4] A true and correct copy of Browne v. Moshe Englewood LLC, No. BER-L-2177-20, 2020 N.J. Super. Unpub. LEXIS 3679 (Law Div. June 12, 2020) is attached as Exhibit C to the Declaration of A. Matthew Boxer.

rectified, a significant issue in this case will be that the possible responses to the Daniel's Law notices were limited by governing federal law in the form of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. That is, because this case implicates "consumer reporting agencies" subject to the FCRA, the issues that will predominate in the current case are ones of federal law. The threshold questions in this case will involve the federal supremacy clause and the impact of federal preemption.

The matters subject to discovery in this case will therefore be unlike those in the other cases. Each case will have its own unique witnesses and documents and its own legal and factual issues. As a result, consolidation will inevitably result in inefficiency and administrative burden on a court overseeing the resulting cacophony. In this regard, this case is distinguishable from situations in which consolidation typically has been granted, which have involved product liability or mass tort cases against a single tortfeasor or insurer defendant, or family actions involving one family. See, e.g., Batson v. Lederle Lab'ys, 290 N.J. Super. 49, 52, 56 (App. Div. 1996), aff'd in relevant part, 152 N.J. 14 (1997); Allstate Ins. Co. v. Lopez, 311 N.J. Super. 660, 662–63, 672 (Law Div. 1998); Marussich v. Marussich, 207 N.J. Super. 163, 165, 167 (Ch. Div. 1985).

If Plaintiffs had determined that these myriad cases truly had common operative facts arising out of the same transaction or series of transactions, it could and should have filed them as one case. See R. 4:29-1. The fact that Plaintiffs did not do so speaks volumes regarding the merits of this Motion.

**CONCLUSION**

For the reasons set forth herein, Defendants respectfully request that Plaintiffs' Motion be denied.

Dated: April 1, 2024

By: */s/ A. Matthew Boxer*

A. Matthew Boxer
Gavin J. Rooney
Rasmeet K. Chahil
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500
mboxer@lowenstein.com
grooney@lowenstein.com
rchahil@lowenstein.com

*Attorneys for Defendants LexisNexis Risk Data Management, LLC and RELX, Inc.*

**LOWENSTEIN SANDLER LLP**
A. Matthew Boxer (025331995)
Gavin J. Rooney (027781992)
Rasmeet K. Chahil (239262017)
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500

*Attorneys for Defendants LexisNexis Risk Data Management, LLC and RELX, Inc.*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>LEXISNEXIS RISK DATA MANAGEMENT, LLC, RELX, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO. BER-L-000875-24<br><br>CIVIL ACTION |

**CERTIFICATION OF A. MATTHEW BOXER, ESQ. IN OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**

I, A. Matthew Boxer, Esq., an attorney-at-law of the State of New Jersey, hereby certify as follows:

1. I am a partner at the law firm of Lowenstein Sandler LLP, counsel for Defendants LexisNexis Risk Data Management, LLC and RELX, Inc. I submit this certification in opposition to Plaintiffs' motion to consolidate.

2. Attached hereto as **Exhibit A** is a true and accurate copy of Bryan Encaranacion & Yumilsanoesi v. Calderon, No. BER-L-7037-20, 2021 N.J. Super. Unpub. LEXIS 3366 (Law Div. June 25, 2021).

3. Attached hereto as **Exhibit B** is a true and accurate copy of Ibarra v. Singh, No. MRS-L-1467-22, 2023 N.J. Super. Unpub. LEXIS 2558 (Law Div. April 4, 2023).

4. Attached hereto as **Exhibit C** is a true and accurate copy of Browne v. Moshe Englewood LLC, No. BER-L-2177-20, 2020 N.J. Super. Unpub. LEXIS 3679 (Law Div. June 12, 2020).

*/s/ A. Matthew Boxer*
A. Matthew Boxer, Esq.

Dated: April 1, 2024

# EXHIBIT A

No *Shepard's* Signal™
As of: March 26, 2024 6:33 PM Z

# Bryan Encaranacion & Yumilsanoesi v. Calderon

Superior Court of New Jersey, Law Division, Bergen County

June 25, 2021, Decided; June 25, 2021, Filed

DOCKET NO.: BER-L-7037-20, Docket No. HUD-DO-4327-21

**Reporter**
2021 N.J. Super. Unpub. LEXIS 3366 *

BRYAN ENCARANACION and YUMILSANOESI, Plaintiff v. YASER CALDERON, YORDANY ORTEGA, JOHN DOE, and DIONISIS KANGADIS, Defendants, GEICO a/s/o YASER CALDERON v. DIONISIS KANGADIS, YORDANY ORTEGA, and/or JOHN DOE COMPANIES 1-10, (fictious defendants)

**Notice:** NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION.

PLEASE CONSULT NEW JERSEY *RULE 1:36-3* FOR CITATION OF UNPUBLISHED OPINIONS.

## Core Terms

venue, consolidated, parties

**Judges:** **[*1]** Hon. Bonnie J. Mizdol, A.J.S.C.

**Opinion by:** Bonnie J. Mizdol

## Opinion

ORDER

THIS MATTER, having been brought before the Court on motion of Defendant, Dionisis Kangadis for an Order consolidating Docket Nos. BER-L-7037-20 and HUD-DC-4327-21 and the Court having considered the matter and for good cause appearing,

IT IS on this 25th day of June, 2021

ORDERED that the matter of *Geico a/s/o Yaser Calderon v. Dionisis Kangadis, Yordany Ortega, and/or John Doe Companies 1-10 (fictious defendants)* (Docket No. HUD-DC-4327-21) shall be transferred to the Superior Court of New Jersey - Law Division - Civil - Bergen County; and it is further

ORDERED that Docket Nos. BER-L-7037-20 and HUD-DC-4327-21 shall be consolidated for the purposes of discovery and trial; and it is further

ORDERED that the consolidated action proceed in the Bergen Vicinage; and it is further

ORDERED that a copy of this Order be deemed served upon all parties/counsel via its filing with eCourts.

/s/ Bonnie J. Mizdol

Hon. Bonnie J. Mizdol, A.J.S.C.

RIDER TO ORDER DATED June 25,2021

*Law*

R. *4:38-1* governs consolidation motions. Consolidation is appropriate "[w]hen actions involv[e] a common question of law or fact arising out of the same transaction or series of transactions." **[*2]** R 4:38-l(a). Where the actions are pending in different vicinages "the order shall be made by the Assignment Judge of the county in which die venue is laid in the action first instituted on a party's motion, the judge's own initiative, or on certification of the matter to the judge by a judge of the Law or Chancery Division." *Ibid.*

"*R. 4:38-1* makes no express provision for a change of venue, merely stating in sub- paragraph (e) that '[w]here actions in different venues or courts are consolidated, the order of consolidation shall state the venue in which the consolidated action or actions ought to be tried. .. '" *Robert T. Winzingen Inc. v. Brennan Bros., Inc., 191 N.J. Super. 114, 119 (Law Div. 1983)*. At least one court has found "[t]his language invites the exercise of discretion by the Assignment Judge; he may therefore select venue on the basis of fairness after a consideration of all facts." *Ibid.*

"Venue requirements are not jurisdictional. Rather, they are rules of practice designed to place litigation at a location convenient to parties and witnesses. Accordingly, an action may be transferred from one

venue to another where the convenience of parties and witnesses is not served by strict application of the venue rules." *State v. Middlesex Cty Bd, of Chosen Freeholders, 206 NJ. Super. 414, 420-21 (Ch. Div. 1985)* (internal citations omitted). *R.4:3-3(a)* governs venue changes. A change of venue in a **[*3]** civil action may be granted in the following circumstances:

> (1) if the venue is not laid in accordance with *R. 4:3-2*; or (2) if there is a substantial doubt that a fair and impartial trial can be had in the county where venue is laid; or (3) for the convenience of parties and witnesses in the interest of justice [.]
>
> [*R 4:3-3(a)*.]

Where venue has been improperly laid, a motion for transfer "should be routinely granted." Pressler, *Current N.J. Court Rules*, cmt. on *R 4:3-3*. In such an instance, the burden is on the party opposing the motion to show "good cause for not making the change," either because "a fair and impartial trial could not be had in the proper county or [because] 'the convenience of parties and witnesses in the interest of justice' justifies trial in a county other than [the proper county]." *Ibid.*

Where "the motion is made pursuant to *R 4:3-3(a)(2)* or *(3)*, the movant has the burden of demonstrating good cause for the change." *Ibid.* *R 4:3-2* governs where venue may be laid; it provides in pertinent part:

*R 4:3-2(a)* governs where venue may be laid, providing that

> Venue shall be laid by the plaintiff in Superior Court actions as follows: (1) actions affecting title to real property or a possessory or other interest therein, or for damages **[*4]** thereto, or appeals from assessments for improvements, in the county in which any affected property is situate; (2) actions not affecting real property which are brought by or against municipal corporations, counties, public agencies or officials, in the county in which the cause of action arose; (3). .. all other actions in the Superior Court shall be laid in the county in which the cause of action arose, or in which any party to the action resides at the time of its commencement, or in which the summons was served on a nonresident defendant.
>
> [*R4:3-2(a)*.]

A review of the case law interpreting *R 4:3-2* indicates courts in New Jersey generally defer to the plaintiffs choice of venue in the event alternative venues exist. *See* *Civic S. Factors Corp. v. Bonat 65 N.J. 329, 333 (1974)* ("[A] plaintiffs choice of forum ordinarily will not be disturbed except upon a clear showing of real hardship or for some other compelling reason. The choice of forum must be demonstrably inappropriate."); *Dovley v. Schroeter, 191 N.J. Super. 120, 124-26 (Law Div. 1983)* ("Indeed, the rule itself expresses a bias in favor of plaintiff s choice.. . Absent the likelihood of substantial inconvenience or injustice, reason dictates that a change in venue with its inevitable consequences be avoided.").

Despite this preference for the plaintiffs original **[*5]** choice of venue, it should be noted that "*R. 4:38-1* [consolidation] has not been made subject to *R. 4:3-3* [change of venue] by any express language of the Rules, but the reasons the latter Rule sets forth for a change of venue should be considered when consolidating two cases arising in different counties, *R. 4:3-3* itself, however, does not apply." *Robert T. Winzinger, 191 N.J. Super, at 119*.

*Analysis*

Both matters arise out of a single motor vehicle accident that occurred on April 21, 2021 in Little Ferry, New Jersey (Bergen County).

The first complaint was filed on November 13, 2020 by Bryan Encaranacion and Yumilsa Noesi against Defendants Yaser Calderon, Yordany Ortega, John Doe, and Dionisis Kangadis in the Bergen County Superior Court under Docket Number BER-L-7037-20.

The second complaint was filed on April 15, 2021, by GEICO as subrogee of Yaser Calderon against Defendant Dionisis Kangadis, Yordany Ortega, PPMTI Limited Liability Company, and/or John Doe Companies 1-10 (fictious defendants) in the Hudson County Superior Court, Special Civil Part, under Docket Number HUD-DC-4327-21.

On June 8, 2021, the instant motion to consolidate both matters in Bergen County was filed by Defendant, Dionisis Kangadis, asserting both matters arise out of the same **[*6]** motor vehicle accident.

R. *6:4-1(a)* authorizes transfer of cases from the Special Civil Part when circumstances warrant "consolidation with an action pending in such other court in accordance with *R 4:38-1*." *R 4:38-1* provides that "[w]hen actions

involving a common question of law or fact arising out of the same transaction or series of transactions are pending in the Superior Court, the court on a party's or its own motion may order the actions consolidated." *R. 4:38-1 (a)*. When two actions are filed in different counties, the Rule further provides that, "[a] motion to consolidate an action pending in the Special Civil Part with an action pending in the Chancery Division or the Civil Part of the Law Division shall be heard, regardless of which action was first filed, in the county in which venue is laid in the Chancery or Law Division, Civil Part action." Id. Here, Plaintiff Bryan Encaranacion and Yumilsa Noesi filed the first action in the Law Division, making Bergen County the proper venue for this action.

"The plain purpose of the [consolidation] rule was to eliminate multiplicity of litigation and to enable the courts so to arrange pending causes that the same facts and transactions would not undergo the inconvenience **[*7]** of double litigation." *Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. Super. 143, 144 (Ch. Div. 1951)*. It has long been recognized that "[f]he object of consolidating two or more actions is, among other things, the attainment of justice with the least expense and vexation to the parties litigant." *Id. at 145-146*.

Here, both complaints involve common questions of law and fact arising out of the same motor vehicle action; therefore, consolidation is warranted to ensure judicial economy and prevent inconsistent results.

Consolidation is appropriate where, as here, "the same documents, the same records, the same accountants and the same expert testimony must necessarily be used to substantiate both causes of action." *Judson, 17 N. J. Super, at 145*. The documents produced in discovery, testimony, and legal arguments relating to the motor vehicle accident will be the same in both the Special Civil Part action and this Law Division action. If the matters were to go forward without being consolidated, there is a likelihood that either matter could be adversely affected.

This Hudson County Special Civil Part matter, Docket No. *HUD-DC-4327-21*. is hereby consolidated and transferred to Bergen County under Docket No. *BBR-L-7037-20*.

/s/ Bonnie J. Mizdol

Hon. Bonnie J. Mizdol, A.J.S.C.

---

**End of Document**

# EXHIBIT B

No *Shepard's* Signal™
As of: March 26, 2024 6:35 PM Z

# Ibarra v. Jasper Singh

Superior Court of New Jersey, Law Division, Bergen County

April 4, 2023, Decided; April 4, 2023, Filed

DOCKET NO. MRS-L-1467-22, DOCKET NO. BER-L-2001-22

**Reporter**
2023 N.J. Super. Unpub. LEXIS 2558 *

DAYANNA J IBARRA, Plaintiff v. JASPER SINGH, GURCHARAN SINGH, OMAR CHANGA, JOHN DOES 1-5, MARY DOES 1-5, DOE CORPORATIONS 1-5, Defendants.OMAR CHANGA, Plaintiff v. PAUL METRI, GEORGE METRI and/or John Doe I-V (a fictitious name), JASPER SINGH, GURCHARAN SINGH and/or Peter Roe I-V (a fictitious name), Defendants...

**Notice:** NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION.

PLEASE CONSULT NEW JERSEY *RULE 1:36-3* FOR CITATION OF UNPUBLISHED OPINIONS.

## Core Terms

venue, consolidated, resident, parties, matters, fictional, witnesses

**Counsel:** **[*1]** For Defendants, Jasper Singh and Gurcharan Singh: DEBRA HART, WOODBRIDGE, NEW JERSEY.

**Judges:** Hon. Bonnie J. Mizdol, A.J.S.C.

**Opinion by:** Bonnie J. Mizdol

## Opinion

Civil Action

ORDER OF CONSOLIDATION & CHANGING VENUE

THIS MATTER having been placed before the Court by the Law Office of Debra Hart, attorney for the defendants, Jasper Singh and Gurcharan Singh; and the Court having considered the moving papers of the parties; and for good cause shown;

IT IS, on this 4th day of April, 2023;

ORDERED the captioned matters Ibarra (Curioso) vs Singh, Docket No: MRS-L-1467-22 and Changa vs Singh, Docket No. BER-L-2001-22 be and the same are hereby consolidated for the purpose of discovery and/or trial under Docket No. BER-L-2001-22; and

IT IS FURTHER ORDERED that the venue of Ibarra (Curioso) vs Singh, Docket No: MRS-L-1467-22 be and is changed from Morris County to Bergen County; and

IT IS FURTHER ORDERED that service of this Order shall be deemed effectuated upon all parties upon its upload to eCourts.

/s/ Bonnie J. Mizdol

Hon. Bonnie J. Mizdol, A.J.S.C.

RIDER TO ORDER DATED April 4, 2023

*Law*

*R.* 4:38-1 governs consolidation motions. Consolidation is appropriate "[w]hen actions involv[e] a common question of law or fact arising out **[*2]** of the same transaction or series of transactions." *R. 4:38-1(a)*. Where the actions are pending in different vicinages "the order shall be made by the Assignment Judge of the county in which the venue is laid in the action first instituted on a party's motion, the judge's own initiative, or on certification of the matter to the judge by a judge of the Law or Chancery Division." *Id.*

"*R. 4:38-1* makes no express provision for a change of venue, merely stating in sub-paragraph (e) that '[w]here actions in different venues or courts are consolidated, the order of consolidation shall state the venue in which the consolidated action or actions ought to be tried.. .'" *Robert T. Winzinger, Inc. v. Brennan Bros., Inc., 191 N.J. Super. 114, 119 (Law Div. 1983)*. At least one court has found "[t]his language invites the exercise of discretion by the Assignment Judge; [s]he may therefore select venue on the basis of fairness after a consideration of all facts." *Id.*

"Venue requirements are not jurisdictional. Rather, they are rules of practice designed to place litigation at a location convenient to parties and witnesses. Accordingly, an action may be transferred from one venue to another where the convenience of parties and witnesses is not served by strict application of the venue rules." State v. Middlesex County Bd. of Chosen Freeholders, 206 N.J. Super. 414, 420-21 (Ch. Div. 1985) (internal citations omitted). **[*3]**

*R.* 4:3-3(a) governs venue changes. A change of venue in a civil action may be granted in the following circumstances:

> (1) if the venue is not laid in accordance with R. 4:3-2; or (2) if there is a substantial doubt that a fair and impartial trial can be had in the county where venue is laid; or (3) for the convenience of parties and witnesses in the interest of justice[.]
>
> [R. 4:3-3(a).]

Where venue was laid improperly, a motion for change "should be routinely granted." Pressler, *Current N.J. Court Rules*, comment on R. 4:3-3. In such an instance, the burden is on the party opposing the motion to show "good cause for not making the change," either because "a fair and impartial trial could not be had in the proper county or [because] 'the convenience of parties and witnesses in the interest of justice' justifies trial in a county other than [the proper county]." *Id.*

Where "the motion is made pursuant to R. 4:3-3(a)(2) or (3), the movant has the burden of demonstrating good cause for the change." *Id.* R. 4:3-2 governs where venue may be laid; it provides in pertinent part:

*R.* 4:3-2(a) governs where venue may be laid; it provides:

> Venue shall be laid by the plaintiff in Superior Court actions as follows: (1) actions affecting title to real property **[*4]** or a possessory or other interest therein, or for damages thereto, or appeals from assessments for improvements, in the county in which any affected property is situate; (2) actions not affecting real property which are brought by or against municipal corporations, counties, public agencies or officials, in the county in which the cause of action arose; (3) . . . all other actions in the Superior Court shall be laid in the county in which the cause of action arose, or in which any party to the action resides at the time of its commencement, or in which the summons was served on a nonresident defendant.
>
> [R. 4:3-2(a).]

A review of the case law interpreting R. 4:3-2 indicates courts in New Jersey generally defer to the plaintiff's choice of venue in the event alternative venues exist. *See* Civic S. Factors Corp. v. Bonat, 65 N.J. 329, 333 (1974) ("[A] plaintiff's choice of forum ordinarily will not be disturbed except upon a clear showing of real hardship or for some other compelling reason. The choice of forum must be demonstrably inappropriate."); Doyley v. Schroeter, 191 N.J. Super. 120, 124-26 (Law Div. 1983) ("Indeed, the rule itself expresses a bias in favor of plaintiffs choice.. . Absent the likelihood of substantial inconvenience or injustice, reason dictates that a change in venue with its inevitable consequences **[*5]** be avoided.").

"R. 4:38-1 [consolidation] has not been made subject to R. 4:3-3 [change of venue] by any express language of the Rules, but the reasons the latter Rule sets forth for a change of venue should be considered when consolidating two cases arising in different counties. R. 4:3-3 itself, however, does not apply." Robert T. Winzinger, 191 N.J. Super. at 119.

*Analysis*

These matters arise out of one automobile accident that occurred on November 6, 2020, on Route 80 in the Borough of Elmwood Park, Bergen County, New Jersey.

On April 8, 2022, Plaintiff Omar Changa (hereinafter "Plaintiff Changa"), resident of North Plainfield, Somerset County, New Jersey, filed a complaint in Bergen County Superior Court, Law Division, under Docket *BER-L-2001-22* against Defendants George & Paul Metri, residents of Elmwood Park, Bergen County, New Jersey, Jasper & Gurcharan Singh, residents of Hasbrouck Heights, Bergen County, New Jersey, John Does 1-5, (fictional natural persons), and Peter Roes 1-5, (fictional natural persons), seeking damages for personal injury together with interest, counsel fees, cost of suit and any other relief the court may deem equitable. Pursuant to R. 4:3-2(a)(3), venue was properly laid in Bergen County, as the situs of the accident is in Bergen County, **[*6]** and Defendants all reside in Bergen County.

On August 22, 2022, Plaintiff Dayana Curioso (hereinafter "Plaintiff Curioso"), resident of Pine Brook, Morris County, New Jersey, filed a complaint in Morris

County Superior Court, Law Division, under Docket No. *MRS-L-1467-22* against Defendants Jasper & Gurcharan Singh, residents of the Hasbrouck Heights, Bergen County, New Jersey, Omar Changa, resident of North Plainfield, Somerset County, New Jersey, and John Does 1-5, (fictional natural persons), Mary Does 1-5, (fictional natural persons), and Doe Corps. 1-5 (fictional business entities), seeking damages for personal injury together with interest, counsel fees, cost of suit and any other relief the court may deem equitable. Pursuant to *R. 4:3-2(a)(3)*, venue was properly laid in Morris County, as Plaintiff resides in Morris County.

On January 26, 2023, counsel for Defendants Jasper & Gurcharan Singh (hereinafter collectively referred to as the "Singh Defendants") filed a Motion to Consolidate and Transfer Venue to Bergen County in Morris County Superior Court. By way of Order dated March 3, 2023, the Hon. Stuart A. Minkowitz, A.J.S.C., denied the motion without prejudice, reasoning that under 4:38-1(a) **[*7]** the Order "shall be made by the Assignment Judge of the county in which venue is laid in the action first instituted." The Morris County action was the second action instituted.

On March 8, 2023, counsel for the Singh Defendants filed the instant Motion to Consolidate and Transfer Venue to Bergen County. Defendants assert that the cases arise out of the same incident and involve common questions of law and fact. Therefore, pursuant to *R. 4:38-1(a)*, the Court should transfer and consolidate the two matters.

A review of the case law interpreting *R. 4:3-2* indicates courts in New Jersey generally defer to the choice of venue of the first filed suit, which ordinarily will not be disturbed except upon a showing of real hardship or some other compelling reason. *Doyley v Schroeter, 191 N.J. Super. 120, 124-26 (Law Div. 1983)*. Here, the Bergen County action bearing Docket No. *BER-L-2001-22* was the first filed, on April 8, 2022.

*R.* 4:38-1(a) provides that when the actions are pending in different vicinages "the order shall be made by the Assignment Judge of the county in which the venue is laid in the action first instituted on a party's motion, the judge's own initiative, or on certification of the matter to the judge by a judge of the Law or Chancery Division." New Jersey courts **[*8]** have found that "[t]his language invites the exercise of discretion by the Assignment Judge; he may therefore select venue on the basis of fairness after a consideration of all facts." *Robert T. Winzinger, Inc. v. Brennan Bros., Inc., 191 N.J. Super. 114, 119 (Law Div. 1983)*.

The Court finds there are compelling reasons to consolidate and transfer. The situs of the accident is in Bergen, and only Plaintiff Curios() has any connection to Morris County; nearly all the Defendants reside in Bergen County. Plaintiff Changa resides in Somerset County, but properly chose a Bergen County venue.

Procession of these cases in two different counties could produce inconsistent results and failure to consolidate these matters would require empaneling two separate juries, the use of two separate judges' time and unduly burden the testifying witnesses. None of the parties would suffer substantial inconvenience or injustice if this action were to continue in Bergen County. Though Morris County does not directly neighbor Bergen County, the two are close, and anyone from Morris County is likely capable of traveling to Bergen County without much difficulty. Thus, Bergen County is the most appropriate venue for consolidation of these matters.

The Bergen County matter bearing Docket No. *BER-L-2001-22* ***[*9]*** and the Morris County matter bearing Docket No. *MRS-L-1467-22*, are hereby consolidated, and all matters will be heard in Bergen County under Docket No. *BER-L-2001-22*.

The appropriate Order has been executed.

/s/ Bonnie J. Mizdol

Hon. Bonnie J. Mizdol, A.J.S.C.

---

**End of Document**

# EXHIBIT C

No *Shepard's* Signal™
As of: March 26, 2024 6:37 PM Z

# Browne v. Moshe Englewood Llc

Superior Court of New Jersey, Law Division, Bergen County

June 12, 2020, Decided

DOCKET NO.: BER-L-2177-20

**Reporter**

2020 N.J. Super. Unpub. LEXIS 3679 *

WENTWORTH C. BROWNE, Plaintiff, v. MOSHE ENGLEWOOD LLC; YAAKOB SEDEK A/K/A COBY SEDEK; BERNADINE HARRIGAN, Defendants.

## Core Terms

consolidate, lease, landlord, tenant's action, argues, security deposit, matters, settlement

**Counsel:** **[*1]** For Plaintiff: ECKERT SEAMANS CHERIN & MELLOTT, LLC, Nicholas M. Gaunce, Esq. (Attorney ID No.# 01203-2007), Lawrenceville, NJ, Princeton, NJ, Wentworth C. Browne.

## Opinion

Civil Action

**ORDER DENYING CONSOLIDATION PURSUANT TO R. 4:38-1**

**THIS MATTER,** having been opened to the Court by Eckert Seamans Cherin & Mellott, LLC, attorneys for the plaintiff, Wentworth C. Browne ("Browne"), seeking an Order granting consolidation, and the Court having considered the moving [ILLEGIBLE TEXT] papers, and for good cause not appearing for the entry of this Order; and for [ILLEGIBLE TEXT]

**IT IS HEREBY ORDERED** that, on this 12 day of June, 2020, Browne's Motion for Consolidation is **DENIED.**

**IT IS HEREBY FURTHER ORDERED** that a copy of this executed Order shall be served upon all parties of interest within five days of its posting on e-Courts.

—

, J.S.C.

ROBERT L. POLIFRONI, P.J.Cv.

**THIS MOTION WAS:**

[✓] Opposed

[ ] Unopposed

✓ Reply

RIDER

BROWNE VS. MOSHE ENGLEWOOD, LLC, ET AL.

BER-L-2177-20

MOSHE ENGLEWOOD, LLC VS. BROWNE, ET AL.

BER-LT-2148-20

BROWNE VS. HARRIGAN

BER-C-270-17

**MOTION TO BE CONSIDERED**

This matter comes before the court by way of Browne's motion to consolidate the above-captioned matters. Opposition and reply were received **[*2]** by this court. Said motion was returnable June 5, 2020.

**BACKGROUND**

By way of brief background, this litigation arises out of a commercial lease agreement executed on December 1, 2015 between Browne as tenant, Harrigan as co-tenant, and Moshe Englewood, LLC ("Moshe") as landlord. Defendant Sedek was the principal owner and sole member of Moshe. The lease is for a term of five years ending on November 30, 2020.

In 2017, Browne instituted a Chancery Division action against Harrigan for breach of the lease agreement. The parties settled and the case was dismissed on

November 17, 2017. Browne recently filed a motion to enforce settlement in that action. Judge DeLuca denied said motion without prejudice and ordered discovery on Browne's allegations underlying the motion in an effort to proceed to a plenary hearing on the motion. Subsequently, a landlord/tenant action was commenced by Moshe against Browne and Harrigan for failure to pay rent. Moshe seeks a judgment of possession in that action. Shortly thereafter, Browne instituted this Law Division action against Harrigan, Moshe and Sedek for return of the security deposit and a judgment of possession.

A verified complaint and order to show **[*3]** cause were filed in this Law Division action on April 7, 2020. The order to show cause was entered by Judge Beukas on April 22, 2020. Oral argument was heard on May 22, 2020.

By way of his verified complaint, plaintiff sought the following preliminary relief: (1) a full accounting of the location and disposition of the security deposit, (2) to terminate the lease between Browne, Harrigan and Moshe, (3) to enjoin Moshe from further disposition/transfer of the security deposit, (4) to compel Moshe to turn over the security deposit, (5) a ruling that Moshe breached a fiduciary duty owed to Browne, (6) a ruling that Harrigan is in wrongful possession of the property, and finally, (7) to obtain a writ of possession to remove Harrigan from the property.

Judge Beukas granted Browne's request for an accounting and denied all other relief for the reasons set forth on the record on May 22, 2020.

Browne now moves to consolidate all three matters in the Law Division.

**<u>LEGAL ARGUMENTS</u>**

**Motion**

Browne argues all three actions involve common questions of law or fact and arise out of the same commercial lease agreement. Specifically, in the Law Division action, Browne alleges that Sedek converted Browne's **[*4]** security deposit within the first few months of the lease, and that Sedek and Harrigan reached an agreement without Browne to cross-collateralize Browne's security deposit to lease a separate property. Because of these alleged breaches, Browne terminated the lease, vacated the property and demanded return of the security deposit. Browne seeks the alternative relief of a judgment of possession. Browne makes similar allegations in the Chancery Division action. Although the case settled, the Chancery Division action is still pending as there are outstanding discovery issues between Browne and Moshe relating to a recently filed motion to enforce settlement. Counsel for Browne learned for the first time on May 11, 2020, when Moshe filed an answer in the Law Division action, that Moshe had commenced a landlord/tenant action against Browne and Harrigan seeking a judgment of possession. Browne argues these matters should be consolidated because they involve common questions of law or fact and arose out of the same commercial lease.

**Opposition**

Defendants Moshe and Sedek oppose, arguing these matters do not involve common questions of law or fact even though they arise out of the same agreement. **[*5]** Defendants point out that because they are not a party to the settlement between Browne and Harrigan in the Chancery Division action, enforcement of the settlement as Browne seeks would have no bearing on defendants. Likewise, if the co-tenants were found to have owed and continue to owe rent and thereby face eviction, the eviction ruling would have no bearing on the outcome of the Chancery Division or Law Division actions. Moreover, defendants argue that in light of the State's recent executive orders, the landlord/tenant action will not be heard until sixty days after the State lifts its emergency orders, and therefore may not be heard for a significant amount of time compared to the other actions. Defendants argue it would be unduly prejudicial to consolidate these actions and include them in the Chanceiy Division action in which they are not parties.

**Reply**

Browne asserts that it is defendants' breaches of the lease agreement which led him to terminate the agreement and withhold rent. Browne argues one court should interpret the lease provisions which he alleges were breached leading him to terminate the lease. Further, Browne maintains the cases have overlapping facts. For example, **[*6]** Browne contends that if Moshe obtained a judgment against Browne in the landlord/tenant action, this would trigger Harrigan's indemnification obligation under the settlement agreement in the Chancery Division action.

Next, Browne argues that the State executive orders do not apply to commercial evictions. Browne acknowledges, however, that the landlord/tenant action is at a standstill as the trial date was adjourned.

Nonetheless, Browne argues that cases are being actively litigated in the Law Division and therefore the judgment of possession issues can be determined together in the Law Division.

Further, Browne argues it would be unduly prejudicial to him if dispositive issues were adjudicated in landlord/tenant court. Browne seeks rescission of the lease agreement, which he argues is an issue that should be adjudicated by the Law Division.

Finally, Browne argues Moshe improperly filed the landlord/tenant action against him. Moshe previously filed a landlord/tenant action against Harrigan only under docket number BER-L-7254-19. Moshe later filed suit against Harrigan and Browne. Browne contends Moshe knows Browne is not a proper party to the landlord/tenant action.

**DECISION**

*Rule 4:38-1 (a)*, which governs **[*7]** consolidation, provides in pertinent part:

When actions involving a common question of law or fact arising out of the same transaction or series of transactions are pending in the Superior Court, the court on a party's or its own motion may order the actions consolidated.

The decision to consolidate actions lies within the discretion of the trial court. See *Union County Imp Auth. v. Artaki, 392 N.J. Super. 141, 148-149 (App. Div. 2007)*. In reviewing a motion to consolidate, the court should consider all relevant factors, cf *Flagg v. Essex Co. Prosecutor, 171 N.J. 561 571 (2002)*, including the complexity of the issues, the possibility of confusion, and the risk of inconsistent verdicts. See *Moraes v. Wesler, 439 N.J. Super. 375, 378-379 (App. Div. 2015)* (reversing the trial court's denial of a motion to consolidate separate tort actions involving the same plaintiff when the predominant issue was damages and failure to consolidate could result m inconsistent jury verdicts); Tobia v. Cooper Hosp. Univ. Medical Or., 136 NX 335, 345 (1994), ("[I]f all or most of a claimant's damages are due to one of several incidents, a jury may not be able to evaluate the relative liabilities in a vacuum without knowing the nature and extent of the injuries incurred.").

*Rule 6:3-4(a)* specifically restricts consolidation of summary disposition proceedings for public policy reasons. *SeeFargo Realty, Inc. v. Harris, 173 N.J. Super. 262, 267 (App. Div. 1980)* Browne's complaint in the Law Division alleging breach of contract is, in effect, the sort **[*8]** of pleading rejected by the court in Fargo Realty as conflating the summary disposition matter. See id.

Further, although these matters arise out of the same commercial lease, they do not involve common questions or law or fact and are therefore not ripe for consolidation. Moshe and Sedek are not parties to the Chancery Division action, which was instituted by Browne against his co-tenant, Harrigan, for breach of the lease agreement. Any outcome in that matter would have no impact on the disposition of the landlord/tenant or Law Division matters and vice versa.

In addition, the procedural posture of each matter compels denial of the relief sought by Browne. This court is not inclined to delay the Law Division action, which was recently filed on April 7, 2020 and is anticipated by the court rules to consume at least 300 days of discovery, for the Chancery Division and landlord/tenant matters which are well on their way toward final disposition. Browne is correct that pursuant to the State's executive orders, there is no stay of commercial eviction proceedings. Thus, although the trial date in the landlord/tenant action was adjourned due to the current health crisis, the case is actively **[*9]** proceeding toward trial and will reach trial well in advance of the Law Division action. Similarly, the Chancery Division action, which was settled and is now closed, is rearing a plenary hearing on Browne's motion to enforce settlement. In light of the different procedural posture of each case, judicial economy would best be served by each matter proceeding in their respective courts.

For the foregoing reasons, the motion is hereby DENIED.

---

**End of Document**

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ENFORMION, LLC, ENFORMION HOLDCO INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-767-24<br><br>**CIVIL ACTION**<br><br>**ORDER** |

**THIS MATTER** having been open to the Court by Genova Burns LLC, attorneys for Plaintiffs, in the above captioned matter for an Order consolidating all Daniel's Law actions filed by Plaintiffs in the Superior Court of Bergen County for discovery and case management purposes; and the Court having considered the moving papers, papers filed and any response, as well as any argument of counsel, and; for good cause having been shown;

**IT IS** on this _12th_ day of ___April____, 2024:

**ORDERED** that Plaintiffs' Motion to Consolidate is hereby **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Daniel's Law actions filed by Plaintiffs in Bergen County are NOT consolidated under Docket No.: BER-L-000767-24 for discovery and case management purposes only; and it is further

**ORDERED** that a copy of this order shall be served upon all Defendants and counsel of record within (_7_) days of its receipt of counsel for Plaintiffs.

This motion was:

[✓] Opposed

[ ] Unopposed

JOHN D. O'DWYER, P.J.Cv.

The motion is premature in multiple respects. Answers have not been filed by multiple parties in the various cases. The submissions do not provide sufficient information for this Court to determine the merits of the application.

**PEM LAW LLP**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com

**LOWENSTEIN SANDLER LLP**
A. Matthew Boxer
Gavin J. Rooney
Rasmeet K. Chahil
One Lowenstein Drive
Roseland, New Jersey 07068
Tel: (973) 597-2500
mboxer@lowenstein.com
grooney@lowenstein.com
rchahil@lowenstein.com

**BOIES SCHILLER FLEXNER LLP**
Adam R. Shaw (*pro hac vice* to be filed)
30 South Pearl Street, 12th Floor
Albany, New York 12207
Tel: (518) 434-0600
ashaw@bsfllp.com

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PETER ANDREYEV, and WILLIAM SULLIVAN<br>Plaintiffs,<br>v.<br>LEXISNEXIS RISK DATA MANAGEMENT, LLC, RELX, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br><br>DOCKET NO. BER-L-000875-24<br><br>**CIVIL ACTION**<br><br>[~~PROPOSED~~]<br>**PROTECTIVE ORDER**<br>BY CONSENT |

This matter having been brought to the Court by all parties to this matter, as set forth above, through their respective attorneys of record, and the Court having found good cause for the entry of this Protective Order regarding certain documents that may be produced by and among the parties in the instant action (which proceedings are referred to herein as the "Litigation") and that relate to private or proprietary information or other kinds of confidential information (such information being referred to herein as "Protected Material"), the Court orders as follows:

1. This Protective Order shall apply to all documents in any form that may be produced by any party or non-party to the Litigation which contain Protected Material and are designated by a party or a producing non-party in accordance with the procedures set forth herein. This Protective Order is binding upon the parties to the Litigation, including their corporate parents, shareholders, subsidiaries, partners, principals, members, successors, associates and affiliates, if applicable, and their respective counsel, agents, representatives, officers, employees, experts, non-party witnesses, assignors, assignees and others as set forth in this Protective Order.

2. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under New Jersey Court Rule 4:10-3. Any party to this litigation or any third party covered by this Order, who produces or discloses any Protected Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO

BER-L-000875-24 05/08/2024 5:16:19 PM Pg 3 of 15 Trans ID: LCV20241171592

PROTECTIVE ORDER" (hereinafter "Confidential").

3. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party, and where the designating party can demonstrate that a designation of "Confidential" as set forth in Paragraph 2 would not be sufficient. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only").

4. All Protected Material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 5, and subject to the terms of Paragraphs 6 and 7 herein, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Protected Material, provided that such advice and opinions shall not reveal the content of such Protected Material unless permissible under the terms hereof, or by prior written agreement of counsel for the parties or Order of the Court.

5. Protected Material designated as "Confidential" may be disclosed only to the following individuals under the following conditions:

a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as **Exhibit A,** which shall be retained by the outside counsel who retained that expert or consultant;

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the forcgoing;

d. The Court and court personnel;

e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives and employees who are participating in decisions or otherwise assisting with reference to this lawsuit.

6. Protected Material – designated as "Confidential"– shall be used only by individuals permitted access to it under Paragraph 5. Protected Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7. Protected Material – designated as "Attorneys' Eyes Only"– shall only be produced and disclosed to those individuals set forth in paragraph 6(a), (b), (c), (d), (e), or (f) above. Counsel to whom Protected Material designated as "Attorneys' Eyes Only" has been produced may produce

or disclose such documents and copies thereof to any Expert Witnesses as set forth in paragraph 6(b) above, provided that counsel shall first secure from each such Expert Witness an Agreement to be Bound by Protective Order as provided in **Exhibit A**.

8. With respect to any depositions that involve a disclosure of Protected Material of a party to this action, such party shall have until seven (7) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 6(a), (b), (c), (d) and (f) above and the deponent during these seven (7) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 6(a), (b), (c), (d) and (f) above during said seven (7) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 and 5.

9. The deposition of any witness (or segment thereof) which contains Protected Material designated "Attorneys' Eyes Only" shall be taken only in the presence of counsel for the Parties, expert witnesses, the Court and/or the stenographic reporter. In the event of an objection to such designation at deposition, the Parties may either continue the deposition as provided under this section while reserving all rights to challenge the designation or any one of them can request a conference call with the Court to resolve the issue prior to proceeding except that the party who designated the Protected Material Attorneys' Eyes Only may not delay the deposition if the opposing party agrees to continue with it subject to the terms of this paragraph.

10. If counsel for a party receiving documents or information designated as Confidential

BER-L-000875-24 05/08/2024 5:16:19 PM Pg 6 of 10 Trans ID: LCV20241153382

or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within ten (10) business days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter within 7 business days of the response to the objection, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. The designating party bears the burden of demonstrating the harm that would result if the subject designation is reduced or eliminated. If no timely presentation of the dispute or motion is made, the challenged designation will be deemed void.

11. If counsel for either party desires to file with the Court materials that it designated as Confidential, counsel shall electronically file the Protected Material under the designation "Protected Material" and simultaneously file a motion to seal the Protected Material pursuant to Rule 1:38-11 and/or proposed Consent Order agreed upon by all parties regarding the sealing of Protected Materials. If counsel for either party desires to file with the Court materials that were designated as Confidential by another party or a nonparty, counsel shall file such materials with the Court under temporary seal, along with a request for a "temporary order to seal". Counsel shall also simultaneously provide notice to the designating party or nonparty, that Protected Materials have been filed with the Court under temporary seal. Any such notice shall describe with particularity the Protected Materials that have been filed with the Court. Within seven (7) days of the filing of the Protected Materials under temporary seal, the designating party or nonparty shall file with the Court

a motion to seal the Protected Materials pursuant to Rule 1:38-11 and/or submit a proposed Consent Order agreed upon by all parties regarding the sealing of Protected Materials. If no timely motion to seal is filed, the confidentiality designation will be deemed to be void and the materials filed under temporary seal will be made available to the public. The filing of a request for a temporary seal shall not prejudice or waive the non-designating party's ability to oppose a motion to seal or otherwise contest the confidentiality designation.

12. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes' Only information, it may do so only after giving notice to the producing party and as directed by the Court.

13. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Protected Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Protective Order.

14. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Rule 4:10-2(e)(2). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving

party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

15. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

16. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court. Nothing in this Protective Order precludes a party from using its own information and documents that party has marked as Protected Material from using that information and documents in any manner in which it chooses.

17. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Protected Material and to destroy, should such source so request, all copies of Protected Material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Protected Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order. To the extent a party requests the return of Protected Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

IT IS SO ORDERED.

Dated: 5/10/24

HON. JOHN D. O'DWYER, P.J.Cv.