# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>LEXISNEXIS RISK DATA MANAGEMENT, LLC, RELX INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | Civil Action No. 1:24-cv-6160-HB |

**SUPPLEMENTAL REPLY BRIEF OF THE LEXISNEXIS DEFENDANTS IN FURTHER SUPPORT OF DEFENDANTS' CONSOLIDATED MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500
*Attorneys for Defendants LexisNexis Risk Data Management, LLC and RELX Inc.*

# TABLE OF CONTENTS

                                                                                              Page(s)

TABLE OF AUTHORITIES ................................................................................................i

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT .....................................................................................................................2

CONCLUSION ..................................................................................................................5

# TABLE OF AUTHORITIES

**CASES**                                                                                                                        Page(s)

*Simon & Schuster, Inc. v. N.Y. State Crime Victims Bd.*,
   502 U.S. 105 (1991)..................................................................................................5

**STATUTES**

15 U.S.C. § 1681b..............................................................................................................4

28 U.S.C. Part III note § 5933 (2022).................................................................................4

Cal. Civ. Code § 1798.145 ..................................................................................................4

Colo. Rev. Stat. § 6-1-1304 ................................................................................................4

N.J.S.A. 56:8-166.1.............................................................................................................3

N.J.S.A. 56:8-166.3.............................................................................................................4

Va. Code Ann. § 59.1-576 ..................................................................................................4

## **PRELIMINARY STATEMENT**

New Jersey's Daniel's Law is vastly overbroad and cannot pass either strict or intermediate First Amendment scrutiny. Promoting the safety of law enforcement officers, judges, and their family members is obviously a laudable goal. However, Daniel's Law is not sufficiently tailored to achieve that goal, not even close. It applies in many contexts that have no connection to improving the safety of the State's public officials, and in some where its application actually hinders that stated goal. As such, it is a content-based restriction that violates the First Amendment.

Defendants' Consolidated Reply Brief explains, among other things, how Daniel's Law captures conduct that is not reasonably related to the State's interest in safety. The LexisNexis Defendants[1] submit this supplemental reply to provide additional detail along those lines. Daniel's Law goes beyond prohibiting the disclosure of home addresses and telephone numbers on publicly available websites. Its broad scope includes databases that are not available to the public and are available only to licensed and qualified users including, for example, law enforcement and government officials. It also lacks an exemption for credit-reporting information regulated by the federal Fair Credit Reporting Act ("FCRA"), unlike other state privacy laws and the federal version of Daniel's Law that contain

---

[1] The LexisNexis Defendants are LexisNexis Risk Data Management, LLC and RELX Inc. The LexisNexis Defendants do not concede that either of these entities are properly named defendants in this case.

FCRA exemptions. The availability of identifying information in such consumer reports used by lenders, insurers, landlords, and employers is integral to our financial system.

Transmission of non-public data to law enforcement agencies, the government, and creditors has no relationship to the State's interest in keeping public officials safe—to the contrary, such disclosure actually supports public officials and allows them to engage in credit transactions. Because the statute sweeps in activity like this that benefits, rather than harms, public officials, Daniel's Law is not appropriately tailored and should be struck down as facially unconstitutional.

## ARGUMENT

Regardless of whether strict scrutiny or intermediate scrutiny is applied, Daniel's Law is not sufficiently tailored to pass constitutional muster. Plaintiffs wrongly contend that Daniel's Law prohibits only two categories of "disclosures": widespread publication and transfers between businesses. (Plaintiffs' Opposition Brief ("Pls. Opp.") at 28–29.) They conveniently turn a blind eye to other situations where Daniel's Law would apply. For example, the statute's broad definition of "disclose" brings in activity that assists law enforcement in performing their jobs and protecting the public, as opposed to potentially putting law enforcement officers in harm's way. Similarly, Daniel's Law encompasses disclosures to government agencies and financial institutions that are used to detect fraud.

Daniel's Law applies to any disclosure of a Covered Person's home address or unpublished home telephone number "on the Internet" or that is "otherwise ma[d]e available." N.J.S.A. 56:8-166.1(a)(1). "Disclose" is broadly defined as including to "sell," "give," "provide," "deliver," "transfer," "present," or "offer," "and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed." *Id.* 56:8-166.1(d). There is no requirement that such disclosure be publicly available, and there is no exemption for information governed by the FCRA.

Thus, the statute's broad definition of "disclose" prohibits disclosures made even to credentialed, vetted users of non-public database products, such as the products offered by the LexisNexis Defendants. This prohibition even includes products that are used by law enforcement and government agencies. For example, LexisNexis provides law enforcement with access to databases regularly used to conduct investigations and prosecute crimes.[2] In addition, such non-public databases are used by financial institutions to verify identities and address suspicious banking activity. Daniel's Law, however, makes no distinction between these situations and those where home address information is broadly made available

---

[2]  For example, over 4,000 federal, state and local law enforcement agencies use LexisNexis's Accurint product, which provides licensed users with access to a comprehensive database of records. *Case Studies: LexisNexis® Accurint® for Law Enforcement*, LexisNexis Risk Sols., https://risk.lexisnexis.com/insights-resources/case-study/accurint-for-law-enforcement (last visited Sept. 13, 2024).

online to the general public, and it prohibits disclosures made even after a licensed, properly credentialed user substantiates that they are accessing the information for lawful and legitimate purposes.

Additionally, the statute applies to credit-reporting information regulated by the FCRA, as New Jersey's Daniel's Law does not contain an FCRA exemption, unlike other statutes. *See, e.g.*, Cal. Civ. Code § 1798.145(d)(1)–(2) (FCRA carve-out for California Consumer Privacy Act); Colo. Rev. Stat. § 6-1-1304(2)(i) (FCRA carve-out for Colorado Privacy Act); Va. Code Ann. § 59.1-576(C)(10) (FCRA carve-out for Virginia Consumer Data Protection Act); 28 U.S.C. Part III note § 5933(3)(B)(v) (2022) (Daniel Anderl Judicial Security and Privacy Act of 2022) (defining "data broker" to exclude a "consumer reporting agency subject to the Fair Credit Reporting Act").

Consumer reports are heavily regulated under the FRCA, which carefully limits the circumstances in which a consumer report can be furnished: including in connection with a credit transaction, for employment purposes, for insurance underwriting, to determine eligibility for a government-issued license or benefit, or in connection with a business transaction initiated by the consumer. *See, e.g.*, 15 U.S.C. § 1681b(a)(3). Disclosing a public official's address or other identifying information for one of the limited uses permitted by the FCRA has no relationship to the State's stated interest in public official safety. *See* N.J.S.A. 56:8-166.3. To

the contrary, those regulated disclosures are critical to the functioning of our system of credit and allow individuals to engage in everyday transactions.

Daniel's Law is not narrowly tailored as required to satisfy strict scrutiny and does not meet the "fit" requirement of intermediate scrutiny, because it prohibits far more speech than necessary to achieve the State's interest in protecting the safety of public officials. *See Simon & Schuster, Inc. v. N.Y. State Crime Victims Bd.*, 502 U.S. 105, 120–23 (1991) (declaring statute unconstitutional where it encompassed range of behavior implicating "little if any [State] interest"). Daniel's Law does not meet either test and is unconstitutional.

## **CONCLUSION**

For the foregoing reasons, and the reasons discussed in Defendants' Consolidated Brief and Consolidated Reply Brief, Daniel's Law is unconstitutional under the First Amendment, and this Court should grant Defendants' motion to dismiss.

Dated: September 13, 2024

**LOWENSTEIN SANDLER LLP**

*/s/ A. Matthew Boxer*
A. Matthew Boxer
Gavin J. Rooney
Rasmeet K. Chahil
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500

*Attorneys for Defendants LexisNexis Risk Data Management, LLC and RELX Inc.*